UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DELILAH ESCALANTE,**

Plaintiff,

Case No.

v.

Hon.

**CONSUMERS ENERGY COMPANY,**

Defendants.

---

**GOLD STAR LAW, P.C.**
**DAVID A. HARDESTY (P38609)**
**CAITLIN E. MALHIOT (P76606)**
**ARMIN HALILOVIC (P78042)**
Attorneys for Plaintiff
2701 Troy Center Dr., Suite 400
Troy, MI 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
*ahalilovic@goldstarlaw.com*

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Delilah Escalante, through her attorneys, Gold Star Law, P.C., for her Complaint states:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Delilah Escalante, is an individual residing in Detroit, Michigan.

2.     Defendant, Consumers Energy Company, is a Michigan corporation conducting business throughout the state of Michigan with its registered office in Jackson, Michigan.

3.     This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e *et seq*., the Elliot-Larsen Civil Rights Act of 1976 ("ELCRA") MCL § 37.2101 *et seq*. and the Persons with Disabilities Civil Rights Act of 1976 ("PWDCRA") MCL § 37.1101 *et seq*.  Jurisdiction of this Court is invoked pursuant to 28 USC § 1331 and 28 USC § 1367.

4.     Defendant resides within this judicial district, a substantial part of the events giving rise to the claim occurred in this judicial district, and venue is proper in this court pursuant to 28 USC § 1391(b) and (c).

## FACTUAL ALLEGATIONS

5.     Plaintiff is an Hispanic female of Mexican descent.

6.     Plaintiff is a disabled individual because she suffers from hypertension.

7.     Plaintiff began working for Defendant as a customer service representative ("CSR") on May 6, 2013.

8.     Plaintiff worked at Defendant's Royal Oak, Michigan office.

9.     Plaintiff's primary responsibility was to answer phone calls from the customer service and emergency lines.

2

10.     Plaintiff was working approximately forty (40) to forty eight (48) hours per week and Defendant compensated Plaintiff at a rate of thirteen dollars ($13.00) per hour.

11.     Plaintiff was one (1) of nine (9) newly hired CSRs at Defendant's Royal Oak office. Plaintiff was the only Hispanic employee in the group of probationary CSRs and, upon information and belief, the only one suffering from hypertension.

12.     Defendant placed all newly hired CSRs, including Plaintiff, on a one hundred and eighty (180) day probationary period.

13.     On or about August 28, 2013, Plaintiff had to leave work early because she was experiencing severe dizziness and fatigue due to her hypertension. Plaintiff did not return to work until August 30, 2013 per her doctor's instructions.

14.     Plaintiff received a doctor's note for her absences and provided the note to Defendant upon returning to work on August 30, 2013.

15.     Defendant terminated Plaintiff's employment on September 6, 2013.

16.     Defendant's stated reason for Plaintiff's termination was Plaintiff's attendance.

17.     Other probationary CSRs who were similarly situated to Plaintiff were absent on several days during the probationary period.   Defendant did not terminate the other CSRs for their attendance.

3

18.    Upon information and belief, Defendant terminated Plaintiff's employment due to Plaintiff's national origin, race and/or disability.

19.    Defendant treated Plaintiff differently than other similarly situated employees in the terms and conditions of her employment because of her national origin, race and/or disability.

20.    Defendant engaged in illegal discrimination against Plaintiff because of her national origin, race and/or disability.

21.    Plaintiff has exhausted her administrative remedies. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2013, alleging that Defendant terminated her because of her national origin.

22.    Plaintiff received a Dismissal and Notice of Rights from the EEOC on June 4, 2014. [*Exhibit A; EEOC Charge # 471-2014-00539*].

**COUNT I**
**TITLE VII—UNLAWFUL DISCRIMINATION BASED ON**
**PLAINTIFF'S NATIONAL ORIGIN AND RACE**

23.    Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

24.    Defendant is an "employer" within the coverage of Title VII.

25.    Plaintiff is an "employee" within coverage of Title VII.

26.    Plaintiff is a member of a protected class based on her race and

4

national origin.

27.   Defendant treated Plaintiff less favorably than similarly situated employees who are not of Plaintiff's race and national origin.

28.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her protected group status, in violation of Title VII.

29.   As a direct and proximate cause of Defendant's violation of Title VII, Defendant is liable to Plaintiff for loss of past and future income and compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff economic, emotional, and punitive damages, together with her costs and reasonable attorney fees incurred herein, plus such other relief as this Court deems just and equitable.

**COUNT II**
**ELCRA—UNLAWFUL DISCRIMINATION BASED ON**
**PLAINTIFF'S NATIONAL ORIGIN AND RACE**

30.   Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

31.   Defendant is an "employer" within the coverage of the ELCRA.

32.   Plaintiff is an "employee" within coverage of the ELCRA.

33.   Plaintiff is a member of a protected class based on her race and

5

national origin.

34.    Defendant treated Plaintiff less favorably than similarly situated employees who are not of Plaintiff's race and national origin.

35.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her protected group status, in violation of the ELCRA.

36.    As a direct and proximate cause of Defendant's violation of the ELCRA, Defendant is liable to Plaintiff for loss of past and future income and compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff economic and emotional damages, together with her costs and reasonable attorney fees incurred herein, plus such other relief as this Court deems just and equitable.

### COUNT III
### PWDCRA—UNLAWFUL DISCRIMINATION BASED ON PLAINTIFF'S DISABILITY

37.    Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

38.    Defendant is an "employer" within the coverage of the PWDCRA.

39.    Plaintiff is an "employee" within coverage of the PWDCRA.

40.    Plaintiff's hypertension is a disability as defined by the PWDCRA.

6

41.     Defendant discriminated against Plaintiff on the basis of her disability, in violation of the PWDCRA.

42.     As a direct and proximate cause of Defendant's violation of the PWDCRA, Defendant is liable to Plaintiff for loss of past and future income and compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff economic and emotional damages, together with her costs and reasonable attorney fees incurred herein, plus such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

_/s/ Armin Halilovic_
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
**Armin Halilovic (P78042)**
Attorneys for Plaintiff
2701 Troy Center Dr., Suite 400
Troy, MI 48084
(248) 275-5200

Dated: July 28, 2014

7

## JURY DEMAND

Plaintiff, Delilah Escalante, hereby demands a trial by jury in this action.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

_/s/ Armin Halilovic_

**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
**Armin Halilovic (P78042)**
Attorneys for Plaintiff
2701 Troy Center Dr., Suite 400
Troy, MI 48084
(248) 275-5200

Dated: July 28, 2014

8

# EXHIBIT

# A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Delilah R. Escalante**<br>**7830 Sherwood**<br>**Detroit, MI 48211** | From: **Detroit Field Office**<br>**477 Michigan Avenue**<br>**Room 865**<br>**Detroit, MI 48226** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2014-00539 | **Frances Angiano,**<br>**Investigator** | **(313) 226-6806** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Webster N. Smith,**
**District Director**                          6-4-14
                                               *(Date Mailed)*

Enclosures(s)

cc:
**Rebecca I Kosnik**
**EEO/Employee Relations Director**
**CONSUMERS ENERGY**
**One Energy Plaza**
**Jackson, MI 49201-2276**